**UNITED STATES v. HASKINS et al.**
No. 14805.

District Court, W. D. Missouri, W. D.
June 5, 1941.

Charles F. Lamkin, Jr., of Kansas City, Mo., and Richard K. Phelps, Acting U. S. Dist. Atty., of Kansas City, Mo., for the Government.

Wm. S. Hogsett, Ralph E. Murray, and Henry Depping (of Hogsett, Murray, Trippe, Depping & Houts), all of Kansas City, Mo., for defendant Charles A. Haskins.

Ruby M. Hulen, of St. Louis, Mo., for L. Roy Bowen.

Leslie J. Lyons, Donald E. Lyons, and Hoyt A. Poorman, all of Kansas City, Mo., for Ray Voskamp.

Wendell H. Cloud, of Kansas City, Mo., for George E. McIntyre.

Warrick, Koontz & Hazard, of Kansas City, Mo., for Haydite Corporation.

REEVES, District Judge.

Upon a plea of nolo contendere by the defendant, the Haydite Corporation, all of the facts were stated both against the defendant and upon its behalf with a view to a determination as to whether the government had made or could make a submissible case. If not, the plea of nolo contendere should be ordered withdrawn and the indictment dismissed as to said defendant. A dismissal has been ordered as to the other defendants for the reason, as stated by the government, a submissible case upon available evidence could not be made against them or any one of them.

The indictment is under Section 88, Title 18 U.S.C.A. It is predicated upon that portion of said Section which makes it unlawful for "two or more persons to conspire * * * to defraud the United States in any manner or for any purpose."

It is charged by the indictment that the defendants conspired to defraud the United States in connection with operations of the Federal Emergency Administration created by the Congress under the provisions of an Act approved June 16, 1933, and known as the National Industrial Recovery Act, 15 U.S.C.A. § 701 et seq.

The alleged conspiracy was related to certain repairing, remodeling and rebuilding operations of the State of Missouri in connection with its eleemosynary institutions. It was alleged to have been formed to bring about the exclusive use of Haydite, an element composed of burned clay and shale employed in a concrete mixture in said repairing and building operations.

The indictment charged that the conspiracy was entered into on or about September 10, 1934, and continued up until about April 15, 1939; that such conspiracy was to defraud the United States of its moneys appropriated in connection with said Industrial Recovery Act; and that the scheme employed was to defraud the United States "of and concerning its rights to have open, free and competitive specifications for materials to be embodied in contracts for the construction of projects established under said acts."

Other averments were as to the right of the government to have said projects constructed in a fair, efficient and economical manner and that there was a conspiracy to violate these rights by favoring Haydite as a material to be used and to close specifications with respect to it so that other elements or materials of equal efficiency were excluded, including alternate materials. There was a further allegation that by means of such exclusion of other materials, and by thus favoring the material known as Haydite, larger prices were charged for its use, or were to have been charged for its use, and thus and thereby the government was defrauded.

The government's evidence would have been that a government policy forbade that specifications should be closed so that all available, efficient and suitable material might be resorted to; that in several instances as opposed to this requirement or policy of the government, the specifications were closed in favor of Haydite, but this was approved by the authorities; that the percentage of cases where the specifications were closed in favor of Haydite did not exceed 20% of the total; that Haydite was a useful and superior element for its special uses in those cases where the specifications were closed; that during the period covered by its use in such building operations the aggregate sales made by the defendant were $545,111.05; that of these sales the State purchased $222,219.52, and of this amount $165,255 was included in the special or closed specifications; that Dan F. Servey, the president of said corporate defendant, had solicited the business from the state and government agents and had set forth the advantage to be derived from the use of such element; that the said Servey enjoyed an acquaintance with and friendly relations to some of said agents; that the said Servey had actively solicited the business in interviews with the architects designing said building or improvements; that the prices paid were higher than for sales made under different circumstances and conditions not comparable; that there was no evidence of profit accruing to any of the parties, or of corruption; and that the president of the corporate defendant did not know of any rule or order with respect to closed specifications.

Since the gist of the indictment is that the parties had conspired to cause the specifications in favor of Haydite to be corruptly closed, it should be determined whether or not a submissible case was made by the facts as herein stated.

■ 1. It can hardly be questioned but that the indictment contains such averments as to make it a valid charge. United States v. Harding, et al., 65 App.D.C. 161, 81 F.2d 563.

2. As a postulate to a further consideration of the case a few fundamentals should be stated in reference to conspiracies.

■ To prove a conspiracy, evidence must be produced from which it may be reasonably inferred that there was a joint assent or agreement of the minds of two or more parties to the prosecution of the unlawful object. Otherwise it is insufficient to prove the conspiracy. Disconnected circumstances, any one of which or all of which are just as consistent with a lawful purpose as with an unlawful undertaking, are insufficient to establish a conspiracy. These observations pertain more particularly to civil controversies and of course it would require more conclusive proof to establish a criminal conspiracy. This does not militate against the proposition that a criminal conspiracy may be established by circumstantial as well as by direct evidence.

■ The usual elements of a conspiracy are: (1) An object to be accomplished; (2) a plan or scheme employing means to accomplish that object; (3) an agreement or undertaking between two or more of the defendants whereby they become definitely committed to co-operate in the accomplishment of the object by the means embodied in the agreement or by any effectual means; (4) an overt act must be done in order to complete the element of conspiracy under the federal law.

■ Upon the statements made by counsel the government has no proof as to any agreed design or purpose on the part of the defendants to defraud the government. This of course is the object of the conspiracy as alleged in the indictment.

The fact that the corporate defendant manufactured the composition known as Haydite and that it was useful in construction and repair work could only be a circumstance leading up to a purpose to defraud the United States. Moreover, the fact that Mr. Servey had solicited the authorities to purchase such product was not wrong. He even had the right to employ the customary means of obtaining good will to effectuate the sale of his product. It was not wrong for him to interview or solicit officials merely because at one time he had been their classmate in college or associate. This is true, although these are circumstances which might bear on the question, if supported by other facts, as to whether there was a scheme or purpose to defraud.

In order to make a submissible case it must have appeared that the defendants and the president of the corporate defendant undertook to prefer the element of Haydite to the exclusion of equally accessible and efficient material and to the prejudice of the government.

According to the statements, Haydite admittedly had the advantages as an element to be used in the construction work. The inference would even have been justified that the specifications might properly have been closed in favor of Haydite because of its admitted superiority.

On such proof the government could not have established that there was any plan or scheme of the defendants to accomplish the object of defrauding the government. Moreover, all of the statements would not justify a conclusion that at any time there was an understanding or agreement among the defendants that they should or would co-operate to accomplish the object of defrauding the government. The fact that there was no profit accruing to the defendants or that there was no corrupt purpose would not necessarily relieve them of proper inferences of guilt, if otherwise the testimony would support the charge. United States v. Mack, 2 Cir., 112 F.2d 290.

The circumstances as outlined by the government would fall far short of that conclusive requisite where circumstantial evidence alone is relied upon for conviction. According to the statement of the parties the government would lack proof to support a charge of conspiracy as in Cartello v. United States, 8 Cir., 93 F.2d 412; Langer v. United States, 8 Cir., 76 F.2d 817; Dahly v. United States, 8 Cir., 50 F.2d 37. It would, moreover, be an anomalous situation in the law to convict one defendant in an alleged conspiracy where the evidence is deemed insufficient to convict anyone of the other of the alleged conspirators.

Because of the conclusions necessarily reached upon the statement of the parties permission will be granted the Haydite Corporation to withdraw its plea of nolo contendere and when and if that is done the indictment should then be dismissed upon the ground that the government will be unable to make a submissible case.